RECEIVED

SEP 1 8 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

JESSE LANGSTON

versus

CIVIL ACTION NO. 12-362-P
JUDGE TOM STAGG

N. BURL CAIN, WARDEN,
LA. STATE PEN.

## MEMORANDUM ORDER

Before the court is Jesse Langston's ("Langston") appeal of Magistrate Judge Mark Hornsby's order (Record Document 18) denying Langston's "Motion To Stay And Abey" (Record Document 16). See Record Document 19. Based on the following, Magistrate Hornsby's ruling is **AFFIRMED**.

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1. On appeal, the district judge may "set aside any portion of the order that is clearly erroneous or contrary to the law." Fed. R. Civ. Proc. 72(a). The decision by Magistrate Judge Hornsby to deny Lewis's motion is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not

conclusively decide. See Maisonville v. F2 Am., Inc., 902 F.2d 746, 747-48 (9th Cir. 1990), cert. denied, 498 U.S. 1025, 111 S. Ct. 674 (1991) ("[S]ection 636(b)(1)(A) lists those motions which may not be determined by a magistrate. Accordingly, any motion not listed, nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine."). The magistrate judge's August 6, 2013, ruling is not a recommendation to the district court, which normally requires de novo review under Rule 72. Rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A).

The order issued by Magistrate Judge Hornsby denying Langston's motion to stay explained that Langston could withdraw his petition but that he would still be subject to all applicable time limitations. See Record Document 18. Magistrate Judge Hornsby's ruling is not clearly erroneous or contrary to law. The court concurs with the magistrate's determination. This court recognizes that it has discretion to abate the proceedings rather than dismiss them when the Antiterrorism and Effective Death Penalty Act of 1996 limitations period will preclude the refiling of a federal proceeding after a petitioner has properly exhausted state remedies. See Brewer v. Johnson, 139 F.3d 491 (5th Cir. 1998). However, a stay is proper only in "limited

circumstances" when the district court finds that: (1) there was good cause for failure to exhaust the claims; (2) the claims are not plainly meritless; and (3) there is no indication that the failure was for the purpose of delay. See Rhines v. Webber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535 (2005). Langston has not shown good cause for his failure to exhaust the claims. Accordingly, Magistrate Judge Hornsby's order (Record Document 18) is **AFFIRMED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 17th day of September, 2013.

_____
JUDGE TOM STAGG