UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JESSE LANGSTON                                CIVIL ACTION NO. 12-cv-0362

VERSUS                                        JUDGE STAGG

BURL CAIN                                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Jesse Wade Langston ("Petitioner") filed this habeas corpus petition to challenge his state court conviction for attempted second-degree murder. He has attempted to appeal the district court's denial of the petition, but his efforts have failed due to procedural missteps. He now files a Motion to Reopen Time to File Appeal (Doc. 70). This court must deny the motion but, for the reasons that follow, Petitioner may wish to present his argument to the Fifth Circuit. It appears he may have filed two timely notices of appeal with Court of Appeals that may have been overlooked due to Petitioner burying the notices in other submissions.

**Procedural History**

The undersigned issued a Report and Recommendation in February 2015 that recommended the petition be denied on the merits. Petitioner filed a premature notice of appeal with the clerk of this district court on March 23, 2015. He also filed with the district court on that date a Motion for COA and Motion to Proceed IFP on Appeal. Docs. 60-62.

The district judge did not enter judgment until March 30, 2015. Petitioner did not file another notice of appeal with the district court after judgment was entered.

The Fifth Circuit, in response to the premature notice of appeal, examined the basis for its jurisdiction. It found that the appeal had to be dismissed for lack of jurisdiction because a report and recommendation is not a final order and does not fall into any of the categories that would make it appealable. The Fifth Circuit added that the district court's later adoption of the report and recommendation did not make the notice of appeal effective for purposes of appealing that judgment. Doc. 66. Langston v. Cain, CA No. 15-30259 (order of 7/22/15).

Petitioner asked the Fifth Circuit for reconsideration on the grounds that his filing of a request for a COA with the district court (Doc. 61) on March 23, 2015 showed his intent to appeal the final judgment rather than the report and recommendation. The Fifth Circuit noted that Petitioner filed the COA request prior to the entry of judgment, so the COA request could not function as a timely notice of appeal from the judgment. Reconsideration was denied. Langston v. Cain, CA No. 15-30259 (order of 8/11/15).

Petitioner then filed with this court a Motion for Extension of Time to File Appeal. He stated that he was under the mistaken impression that he had filed a timely notice of appeal and asked the court to excuse him for his honest mistake because he is a pro se litigant who does not know the law and must rely on the help of others to file matters in the federal courts. This court denied the motion on the grounds that it was filed 80 days after the

deadline for such motions, which did not allow the court authority to grant an extension. Doc. 69.

**The Motion to Reopen**

Petitioner now returns with a Motion to Reopen Time to File Appeal (Doc. 70). He relies on a provision in Federal Rule of Appellate Procedure 4(d) that: "If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted."

The docket sheet for the court of appeals indicates that Petitioner filed an Application for COA and Motion to Proceed IFP with the appellate court. Those documents were different in form from the similar items filed earlier with the district court. They were received by the court of appeals on April 15, 2015, which was after the district court's entry of judgment on March 30, 2015 and within the 30-day period to file a notice of appeal.

A review of the Application for COA that the court of appeals received on April 15, 2015 shows that the last of its 16 pages is titled Notice of Appeal and states Petitioner's intent to appeal the district court's "decision rendered on February 11, 2015 (date of the Report and Recommendation), and March 28, 2015 (date the district judge signed the judgment), to the United States Fifth Circuit Court of Appeals in accordance with F.R.C.P. Rule 3 and 4." The caption bears the district court case number. The notice is signed by Petitioner and dated April 13, 2015.

The sixth and final page of the Motion to Proceed IFP received by the court of appeals on April 15, 2015 is also an identically written Notice of Appeal, signed by Petitioner and dated April 13, 2015. The handwriting on the two notices differs, so they appear to be two separate notices rather than an original and a copy.

The docket entry for the two items stated: "NO ACTION TAKEN. No action will be taken at this time on the motion to proceed in forma pauperis and application for certificate of appealability received from Appellant Mr. Jesse Langston because the appeal is under jurisdictional review." A deputy clerk wrote to Petitioner and advised that his motions were premature and would not be acted on, pending jurisdictional review. The entry did not mention the notice of appeal documents that appear to be attached to the filings.

A later docket entry on July 15, 2015 again stated that no action would be taken on the motion and application. The entry explained that IFP was granted in the district court, and another motion for COA had been filed with the appellate court. The court of appeals later dismissed the appeal for lack of jurisdiction and denied a request for reconsideration, for the reasons stated above.

**Conclusion**

Petitioner's **Motion to Reopen Time to File Appeal (Doc. 70)** is **denied without prejudice**. Petitioner invokes F.R.A.P. 4(d) which is directed to the clerk of the court of appeals. It appears, if the undersigned is correctly interpreting the appellate court record, that Petitioner may have submitted not one but two notices of appeal to the Fifth Circuit within

the window for lodging a timely appeal. The notices may have been overlooked due to Petitioner attaching them to other filings, or perhaps the court of appeals may have considered them insufficient for a procedural reason. The record is not clear.

In any event, it appears that Petitioner may have a good-faith argument that the court of appeals should, pursuant to F.R.A.P. 4(d), consider his notices of appeal to have been filed in the district court as of approximately April 15, 2015 (or earlier considering the mailbox rule). If so, it appears Petitioner's appeal would be timely. His arguments on this issue should, however, be addressed to the Fifth Circuit Court of Appeals and not to this district court. If the court of appeals finds either or both of the notices of appeal adequate, it will send them to the clerk of this court for filing pursuant to Rule 4(d), and the ordinary appeal process will follow.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of November, 2015.

Mark L. Hornsby
U.S. Magistrate Judge